UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FASTVDO LLC,<br><br>                  Plaintiff,<br>v.<br><br>MICROSOFT MOBILE INC.,<br><br>                  Defendant. | Case No. 2:15-cv-925-RWS-RSP<br><br>**Jury Trial Demanded** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Microsoft Mobile Inc. ("Microsoft Mobile") responds to Plaintiff FastVDO LLC's ("FastVDO") First Amended Complaint (Dkt. No. 16) ("FAC"), and specifically answers as follows:

1. Microsoft Mobile admits that data compression and decompression techniques are well-known.  Microsoft Mobile further admits that error protection techniques are well-known.  Except as expressly admitted, Microsoft Mobile denies the allegations in Paragraph 1 of the FAC.

2. Microsoft Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and on that basis denies them.

3. Microsoft Mobile denies that Meany and Martens developed an entirely new error resilient coding scheme.  Microsoft Mobile further denies that their systems and methods included novel approaches using unequal error protection coding.  Microsoft Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 3 of the FAC and on that basis denies them.

4. Microsoft Mobile admits that U.S. Patent No. 5,850,482 (the "'482 patent") states on its face that it issued on December 15, 1998 and that the '482 patent is entitled "Error Resilient

Method and Apparatus for Entropy Coding." Microsoft Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 4 of the FAC and on that basis denies them. Except as expressly admitted, Microsoft Mobile denies the allegations in Paragraph 4 of the FAC.

5. Microsoft Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the FAC and on that basis denies them.

6. For purposes of this action only, Microsoft Mobile admits the allegations of Paragraph 6 of the FAC.

7. Microsoft Mobile admits that FastVDO purports to bring an action for patent infringement under 35 U.S.C. § 1 *et seq.* Microsoft Mobile denies that it has committed acts of patent infringement. Except as expressly admitted, Microsoft Mobile denies the allegations of Paragraph 7 of the FAC.

8. Microsoft Mobile admits that the Court has subject matter jurisdiction over patent infringement actions. Microsoft Mobile denies that it has committed acts of patent infringement. Except as expressly admitted, Microsoft Mobile denies the allegations in Paragraph 8 of the FAC.

9. For purposes of this action only, Microsoft Mobile admits that the Court has personal jurisdiction over Microsoft Mobile. Microsoft Mobile denies that it has committed acts of patent infringement in this or any other judicial district. Except as expressly admitted, Microsoft Mobile denies the allegations in Paragraph 9 of the FAC.

10. For purposes of this action only, Microsoft Mobile admits that venue is proper in this District but also admits that venue is more convenient outside this District. Microsoft Mobile denies that it has committed acts of patent infringement in this or any other judicial district. Except as expressly admitted, Microsoft Mobile denies the allegations in Paragraph 10 of the FAC.

11. Microsoft Mobile repeats and incorporates by reference its responses in the preceding paragraphs of this Answer as though fully set forth herein.

12. Microsoft Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC and on that basis denies them.

13. Microsoft Mobile denies the allegations in Paragraph 13 of the FAC.

14. Microsoft Mobile denies the allegations in Paragraph 14 of the FAC.

15. Microsoft Mobile denies the allegations in Paragraph 15 of the FAC.

16. Microsoft Mobile denies the allegations in Paragraph 16 of the FAC.

17. Microsoft Mobile denies the allegations in Paragraph 17 of the FAC.

18. Microsoft Mobile denies all allegations in FastVDO's Complaint not expressly admitted to be true.

## MICROSOFT MOBILE'S DEFENSES

Further answering the complaint, and as additional defenses thereto, Microsoft Mobile asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with FastVDO.  Microsoft Mobile expressly reserves the right to amend its answer and defenses as additional information becomes available and/or is otherwise discovered.

## FIRST DEFENSE
### (Failure to State a Claim)

19. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

20. Microsoft Mobile has not infringed and does not infringe the '482 patent.

## THIRD DEFENSE
### (Invalidity)

21. The claims of the '482 patent are invalid for failing to comply with the conditions and requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
### (Limitations on Relief under 35 U.S.C. §§ 286 and 287)

22. Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287.

## FIFTH DEFENSE
### (License)

23. Plaintiff's claims of infringement against Microsoft Mobile are barred pursuant to one or more licenses granted to Microsoft Mobile and its affiliates and predecessors by FastVDO and/or its predecessors.

## RESERVATION OF ADDITIONAL DEFENSES

24. Microsoft Mobile's investigation of this matter is ongoing including, for example, the investigation of facts relating to the prosecution of the '482 patent. Microsoft Mobile reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## RELIEF REQUESTED

Microsoft Mobile denies that Plaintiff is entitled to any relief from this Court. Microsoft Mobile further requests that the Court declare this case exceptional under 35 U.S.C. § 285 in favor of Microsoft Mobile and award Microsoft Mobile its costs, expenses and reasonable attorney's fees.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email:  jdoan@haltomdoan.com

Eric S. Walters (CA State Bar No. 151933)
Erica D. Wilson (CA State Bar No. 161386)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111
Telephone: (650) 276-6500
Facsimile: (650) 276-6599
Email:  ericwalters@dwt.com
Email:  ericawilson@dwt.com

**ATTORNEYS FOR DEFENDANT MICROSOFT MOBILE INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail on this the 10th day of September, 2015.

*/s/ Jennifer H. Doan*
Jennifer H. Doan